Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| **TIFFANY AVERETT,**<br><br>Plaintiff,<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC. AND RC WILLEY HOME FURNISHINGS,**<br><br>Defendant. | COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, ET SEQ.<br><br>**Case No.:** 1:20-cv-00006-JNP<br><br>**Judge: Jill N. Parrish**<br><br>**JURY TRIAL DEMANDED** |

#### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. TIFFANY AVERETT ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and RC WILLEY HOME FURNISHINGS ("RC") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in the County of Weber, State of Utah.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives,

and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").
9. Venue is proper for the following reasons: (i) Plaintiff resides in the County of Weber, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person residing in the County of Weber, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
11. Defendant Experian is a corporation doing business in the State of Utah.
12. Defendant RC is a company doing business in the State of Utah.
13. Defendant RC is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.
14. Defendant Experian is a national credit reporting agency, doing business in Utah, with a principal place of business in Ohio.

## GENERAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of Utah.
16. At all times relevant, Defendants conducted business in the State of Utah.
17. On or about April 3, 2019, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Utah in order to obtain a

fresh start and rebuild his credit. Plaintiff's case was assigned Case Number 19-22248 (the "Bankruptcy").

18. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

19. On or about July 31, 2019, Plaintiff received a Bankruptcy discharge.

20. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

21. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

22. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

23. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

24. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

25. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.

26. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and her "fresh start".

## RC Misreported Credit Information

27. In an Experian credit report dated September 13, 2019, RC reported the following inaccurate, derogatory information:

4

- RC Willey Home Furnishings Partial Account No. 215056…: Post-bankruptcy information for the following dates: Status: Open.; Recent Balance: $815 as of Mar 2019.

28. RC should not have reported derogatory information on Plaintiff's accounts after April 3, 2019, because Plaintiff filed for Bankruptcy on April 3, 2019.
29. RC especially should not have reported derogatory information on Plaintiff's accounts after July 31, 2019 because this RC account was discharged in Plaintiff's chapter 7 bankruptcy.
30. On or about October 4, 2019, Plaintiff disputed RC's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by RC.
31. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was included in my Bankruptcy which was filed on 08/31/2011 and discharged on 04/03/2019, and discharged on 07/31/2019, bearing case number 19-22248 in the District for Utah.
- The status of this account is currently reporting as "Open" when this was discharged in my bankruptcy.
- You are reporting a current balance of $815 as of Mar 2019 when this is a discharged debt.

32. The Experian Dispute Letter further requested that Experian:

- Immediately correct this account and the disputed derogatory information from my credit report.

5

- The discharged debt should be reported with a status of "included in bankruptcy" and a balance of $0.
- If you do not immediately delete this from my credit report please include a 100 word statement on my credit report of all the disputed information contained in this letter regarding this account.

33. Upon information and belief, Experian timely notified RC of Plaintiff's dispute, but RC continued reporting derogatory information.
34. RC and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
35. On or about November 13, 2019, Plaintiff received notification from Experian that RC and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants stated the account had been "updated".
36. Surprisingly, rather than updating Plaintiff's account to show included in bankruptcy, RC and Experian simply left derogatory information on Plaintiff's report.  Specifically, RC and Experian reported the following inaccurate, derogatory information:

    RC Willey Home Furnishings Partial Account No. 215056…: Post-bankruptcy information for the following dates: Status: Open.; Recent Balance: $801 as of Oct 2019.

37. The status of the RC account is currently reporting as "Open."
38. The status of the RC account should indicate the debt was included in bankruptcy.
39. Plaintiff is disputing the current "status" that RC and Experian are reporting.

6

40. According to Experian's "Glossary" pertaining to credit reports, "Status" is defined as "[o]n the credit report, this indicates the current status or state of the account."
41. The Status reporting as "Open" is blatantly incorrect because the debt was discharged in bankruptcy, and the RC account was not *currently* "Open".
42. By reporting the current status of the account as "Open" and failing to identify the current status as "included in bankruptcy," RC and Experian are reporting inaccurate post-bankruptcy discharge information.
43. Plaintiff is informed and believes that her credit score is taking a "double-hit", once for his bankruptcy, and again for the negative status of "Open" with a balance preventing her from getting her fresh start from the bankruptcy.
44. RC and Experian are also reporting that Plaintiff's account has a recent balance of "$801 as of Oct 2019."
45. There is no longer a balance on Plaintiff's RC account after the bankruptcy was discharge on July 31, 2019.
46. Therefore, RC and Experian's reporting of a recent balance of $801 in October 2019 is inaccurate.
47. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant RC responding and verifying the incorrect information to the credit reporting agencies, Defendant RC failed to check Plaintiff's bankruptcy filings to ensure the account was included in bankruptcy to aid in reporting the correct status of Plaintiff's account.
48. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Experian responding and verifying the incorrect information to Plaintiff, Experian failed to check Plaintiff's bankruptcy filings to ensure the account was included in bankruptcy to aid in reporting the correct status of Plaintiff's account.

49. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to RC responding and verifying the incorrect information to the credit reporting agencies, RC failed to communicate with Experian to aid in reporting the correct status of Plaintiff's account.
50. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Experian responding and verifying the incorrect information to Plaintiff, Experian failed to communicate with RC to aid in reporting the correct status of Plaintiff's account
51. Defendants RC and Experian further failed to contact Plaintiff and request additional information from Plaintiff that would aid in reporting the correct status of Plaintiff's account.
52. Therefore, RC and Experian upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).
53. RC and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).
54. Due to RC and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
55. Plaintiff's continued efforts to correct RC and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with RC and Experian were futile.
56. RC and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

8

57. RC and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.
58. RC and Experian's inaccurate and negative reporting caused Plaintiff to have stress, anxiety, and frustration.
59. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, RC and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ.* (FCRA)**

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
61. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
62. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.
63. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

### TRIAL BY JURY

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 24, 2020                                    Respectfully submitted,

                                             BY: /s/ RYAN L. MCBRIDE_____
                                                  RYAN L. MCBRIDE, ESQ.
                                                  ATTORNEY FOR PLAINTIFF